IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRESTWOOD CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> v. <br><br> CRESTWOOD PARTNERS, INC., <br><br> Defendant. | CIVIL ACTION NO. <br><br><br> **COMPLAINT** |

Plaintiff, Crestwood Capital Management, L.P. ("Plaintiff"), brings this complaint for injunctive relief and damages for trademark infringement pursuant to 15 U.S.C. § 1114(1) and unfair competition pursuant to 15 U.S.C. §1125(a) and avers:

## Introduction and Parties

1. This is a straightforward trademark infringement case. Since 1995, the trademarks "Crestwood," "Crestwood Capital International," "Crestwood Capital Partners" and since 1998, "Crestwood Capital Partners II" (each a "Fund," and collectively, the "Funds) have been used continuously by Plaintiff, the Funds and/or Plaintiff's predecessor firm in connection with providing financial services, including equity capital investment services, investment management services, and

hedge fund investment services. In addition, since 2009, Plaintiff, which serves as the investment manager and/or investment adviser to the Funds, has used these trademarks continuously.

2. Plaintiff is a limited partnership organized and existing under the laws of Delaware with its principal place of business at 599 Lexington Avenue, 39th Floor, New York, NY 10022.

3. Plaintiff is the owner of the federal trademark registration in the U.S. Patent and Trademark Office for each of the "Crestwood" trademarks listed in paragraph 1 immediately above (collectively referred to as "Plaintiff's marks"), which were filed between November 2009 and April 2010.

4. Aside from Plaintiff's use of the "Crestwood" marks, there is little, if any, third-party use of the term "Crestwood" as a trademark in the United States in the financial services field.

5. Upon information and belief, Defendant Crestwood Partners, Inc. ("Defendant") is a corporation organized and existing under the laws of New Jersey, with a principal place of business located at 8200 Boulevard East, North Bergen, NJ 07047.

6. Defendant is currently using the marks "Crestwood" and "Crestwood Partners, Inc." in connection with a variety of financial and specifically, investment, services in the United States, more particularly in the New York Metropolitan area.

7. In choosing the name "Crestwood" for its financial services company that is located in the same tri-state area as Plaintiff, Defendant has created a link between Plaintiff and Defendant, creating the appearance of an association between Plaintiff and Defendant.

8. Defendant's use of the name "Crestwood" in the financial services and investments field is highly likely to cause confusion with Plaintiff's registered trademarks, which would damage Plaintiff's reputation and the goodwill that Plaintiff has established in its trademarks and name.

9. Through counsel, Plaintiff has made numerous efforts to resolve these matters with Defendant, but Defendant has not complied with Plaintiff's reasonable requests.

## Jurisdiction and Venue

10. This Court has jurisdiction over Count I of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 as this case arises under the Lanham Act, 15 U.S.C. § 1051 et seq., as amended, and as is more fully described below.

11. All other claims asserted in this action arise out of the same transaction or occurrence, so that this Court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. § 1367(a).

12. Upon information and belief, Defendant conducts business, sells products/services, and uses the trademark at issue in this action, "Crestwood," in this

district and elsewhere.

13. On information and belief, Defendant has committed acts of trademark infringement and unfair competition and is planning to commit further acts of infringement, unfair competition, and deceptive trade practices in the near future, as further described below, in this district and elsewhere.

14. Complete diversity exists between Plaintiff and Defendant, which are residents of New York and New Jersey, respectively, further providing this Court subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

15. On information and belief, Defendant is subject to the jurisdiction of this Court, and venue is proper in this district pursuant to 28 U.S.C. § 1391.

## Facts

### Plaintiff and its Registered Trademarks and Name

16. Crestwood Capital International, Ltd. and Crestwood Capital Partners, L.P. were launched in 1995, and Crestwood Capital Partners II, L.P. was launched in 1998.

17. The above-referenced names have been used continuously since their respective launch dates, although a different investment manager/adviser previously managed each entity.

18. Plaintiff was formed in 2009 and serves as investment manager and/adviser to each of the Funds.

19. In its capacity as investment manager and/or adviser to the Funds, Plaintiff offers services in the financial services field, including equity capital investment services, investment management services, and hedge fund investment services.

20. Investors in the Funds managed by Plaintiff (referred to as "clients") are generally high net worth individuals, pension and profit sharing plans, charitable organizations, foundations, corporations, partnerships, LLCs or other businesses and trusts.

21. Over the years, Plaintiff has developed a strong reputation in the financial services field.

22. Since their inception, the Funds have consistently used the trademark, "Crestwood," and since its formation in 2009, Plaintiff, in connection with its investment advisory services, has consistently used the trademark "Crestwood."

23. Plaintiff owns several registrations for its trademarks in the U.S. Patent and Trademark Office, namely, U.S. Registration Nos. 3,855,905, 3,988,260, 3,988,261, 3,988,262 and 3,988,263.  Copies of Plaintiff's trademark registrations for Plaintiff's marks are attached to this complaint as Exhibit A.

24. By virtue of the Funds' and Plaintiff's long use and Plaintiff's registration of Plaintiff's marks in connection with its successful business, Plaintiff's marks have become well-known in the financial services and investment

community and are among Plaintiff's most valuable assets.

25. By virtue of the Funds' and Plaintiff's long and exclusive use of its trademarks and the goodwill that Plaintiff has established in its trademarks and name, Plaintiff's marks are strong trademarks entitled to a wide scope of protection.

## **Defendant's Infringing Activities**

26. Plaintiff discovered that more than 20 years after the Funds first use in commerce of Plaintiff's marks in the United States, Defendant began using "Crestwood" and "Crestwood Partners, Inc." marks in the financial services field.

27. Upon information and belief, Defendant has not attempted to register the "Crestwood" and "Crestwood Partners, Inc." marks in the U.S. Patent and Trademark Office.

28. Defendant promotes the "Crestwood" and "Crestwood Partners, Inc." marks on the internet. True and correct copies of Defendant's Facebook page and other websites bearing Defendant's marks are attached as Exhibit B. Defendant also maintains a profile within the Blooomberg financial services database under the name "Crestwood Partners," which causes Defendant to show up as a result when someone searches the "Crestwood" name within the database.

29. In addition to certain of Plaintiff's marks being identical to those used by Defendant, Defendant, like Plaintiff, provides services in the financial services industry. Specifically, both Plaintiff and Defendant provide investment services.

6

30. In an attempt to resolve Defendant's infringement without court intervention, Plaintiff has sent a letter and multiple emails to Defendant. Defendant did not respond to the written correspondence, and Defendant's representative indicated by phone that Defendant was unwilling to comply with Plaintiff's demands. True and correct copies of recent written correspondence exchanged by the parties to date are attached as Exhibit C.

## Count I
## Trademark Infringement Under 15 U.S.C. § 1114

31. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs in this Complaint as though the same were fully rewritten herein.

32. Section 1114(1)(a) of Title 15 of the United States Code states, in pertinent part:

> Any person who shall, without the consent of the registrant -- (a) use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive…shall be liable in a civil action…

33. Plaintiff has not consented directly or indirectly to Defendant's use of a mark using the name "Crestwood" in the financial services industry in any manner and has expressed its strong written objection to Defendant's unauthorized use of Plaintiff's registered marks.

7

34. Plaintiff does not currently have the ability to control the nature and/or quality of the products/services sold or proposed to be sold by Defendant under the "Crestwood" and "Crestwood Partners, Inc." marks.

35. As stated *supra*, the Funds and Plaintiff have continuously used Plaintiff's marks, each of which has contained the name "Crestwood" for many years, and secured registrations for its marks in the U.S. Patent and Trademark Office. *See* Exhibit A.

36. Plaintiff's marks are inherently distinctive by virtue of the uncommon name, "Crestwood." Moreover, Plaintiff's trademark registrations provide Plaintiff with the presumption that the marks are distinctive.

37. By virtue of the success of the services provided under Plaintiff's marks, in addition to Plaintiff's efforts to promote its business, Plaintiff's marks have come to have significance in the financial services industry as an indicator of services associated with Plaintiff.

38. Defendant has improperly chosen the name "Crestwood" in forming its financial services company and used the "Crestwood" and "Crestwood Partners, Inc." marks in commerce to promote its services. *See* Exhibit B.

39. Defendant's use of the "Crestwood" and "Crestwood Partners, Inc." marks is confusingly similar to Plaintiff's registered "Crestwood" marks, as "Crestwood" is the only word in the marks that distinguishes Plaintiff from other

financial services organizations.

40. The services provided by Plaintiff and Defendant are related, as both companies are in the financial services industry in the greater tri-state region.

41. As applied to the respective services offered, Plaintiff's use of its marks and the use by Defendant of the "Crestwood" and "Crestwood Partners, Inc." marks are so similar that Defendant's use of these marks is likely to cause confusion and mistakes among customers and potential customers, and those otherwise involved in the financial services industry providing investment services, as to the source or sponsorship of Defendant's services or the affiliation between the organizations, causing harm to Plaintiff's reputation and goodwill.

42. Defendant's conduct accordingly constitutes trademark infringement in violation of 15 U.S.C. § 1114.

43. Defendant's conduct is being conducted with willful disregard of Plaintiff's valuable trademark rights in Plaintiff's marks. Defendant's use of the "Crestwood" and "Crestwood Partners, Inc." marks constitutes a willful attempt to trade upon the goodwill that Plaintiff has developed in its marks through its many years of use of Plaintiff's marks.

44. Plaintiff has no adequate remedy at law. The said conduct of Defendant, if not enjoined, will cause irreparable damage to the rights of Plaintiff in its marks and its business, reputation, and goodwill. Plaintiff's damages from the

aforesaid unlawful actions of Defendant are not yet determined.

## Count II
## Unfair Competition Under 15 U.S.C. §1125(a)

45. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as though the same were fully rewritten herein.

46. Section 1125(a) of Title 15 of the United States Code states, in pertinent part:

> Any person who, on or in connection with any good or services, … uses in commerce any word, term, name, symbol, … or any false designation of origin, … which -- is likely to cause confusion, or to cause mistake, or to deceive…as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person…shall be liable in a civil action.

47. Defendant's use of the "Crestwood" and "Crestwood Partners, Inc." marks falsely suggests and/or will falsely suggest that Plaintiff is the source of, or has authorized, Defendant's use of the marks containing the "Crestwood" name with Defendant's services and is likely to deceive customers, prospective customers, and members of the financial services industry and public into believing that Defendant's services are affiliated with Plaintiff, or that such services are authorized or approved by Plaintiff, or are provided in affiliation with Plaintiff.

48. Defendant's conduct therefore constitutes trademark infringement, unfair competition and false designation of origin in violation of 15 U.S.C. §1125(a).

10

49. Defendant's conduct is being conducted with willful disregard of Plaintiff's valuable trademark rights in Plaintiff's marks. Defendant's use and planned use of the "Crestwood" and "Crestwood Partners, Inc." marks in connection with its services is a willful attempt to trade upon the goodwill that Plaintiff has developed in its marks using the "Crestwood" name through its many years of use of its marks.

50. Plaintiff has no adequate remedy at law. If not enjoined, the said conduct of Defendant will cause irreparable damage to the rights of Plaintiff in its marks and its business, reputation, and goodwill.

51. Plaintiff's damages from the aforesaid unlawful actions of Defendant are not yet determined.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully demands judgment:

a. that Defendant, its officers, directors, agents, servants, employees, attorneys, confederates, related companies, licensees, and all persons acting for, with, by, through and under them, be preliminarily and permanently enjoined:

(1) from using the "Crestwood" and "Crestwood Partners, Inc." marks and names, and any other confusingly similar mark, reproduction or colorable imitation of Plaintiff's marks and name, in connection with any products or services not originating with or authorized by Plaintiff;

  (2) from using the "Crestwood" and "Crestwood Partners, Inc." marks and names, and any other confusingly similar mark and name, reproduction or colorable imitation of Plaintiff's marks and name, in any manner likely to cause confusion, mistake, or to deceive the relevant trade and public;

  (3) from committing any acts calculated to cause customers to believe that Defendant's services are associated with or authorized by Plaintiff; and

  (4) from otherwise competing unfairly with Plaintiff in any manner;

 b. that Defendant be ordered to deliver up and/or destroy any packaging, printed and/or electronic materials bearing the "Crestwood" name, including all products bearing the mark, press releases, promotional materials of any kind, and/or packages or advertisements bearing the "Crestwood' name;

 c. that Defendant pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement and unfair competition, and to account for and to pay to Plaintiff:

  (1) all gains, profits and advantages derived by Defendant from its infringement; and

  (2) all gains, profits and advantages derived by Defendant from its unfair competition;

      d.      that Plaintiff be awarded its reasonable attorney's fees and costs in this action; and

      e.      that Plaintiff be awarded such other and further relief as the Court may deem equitable.

                                                      Respectfully submitted,
                                                      **FLASTER/GREENBERG P.C.**

                                                      *s/ Scott C. Oberlander*_____
                                                      Scott C. Oberlander, Esq.
                                                      1810 Chapel Avenue West
                                                      Cherry Hill, NJ  08002
                                                      (215) 279-9916
                                                      scott.oberlander@flastergreenberg.com
                                                      *Attorneys for Plaintiff Crestwood Capital Management, L.P.*

Dated: July 31, 2017