NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRESTWOOD CAPITAL MANAGEMENT, L.P., | CIVIL ACTION NO. 17-5588 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| CRESTWOOD PARTNERS, INC., | |
| Defendant. | |

**LINARES, Chief District Judge**

**IT APPEARING THAT:**

1. The plaintiff is in the business of "providing financial services, . . . equity capital investment services, investment management services, and hedge fund investment services." (ECF No. 1 at 1–2.) The plaintiff, in relation to its business, is the owner of the registrations in the United States Patent and Trademark Office for the following trademarks: "Crestwood"; "Crestwood Capital International"; "Crestwood Capital Partners"; "Crestwood Capital Partners II"; and "Crestwood Capital Management" (collectively, "the Crestwood Trademarks"). (ECF No. 1-2 at 2–10.)

2. The plaintiff alleges in this action that the defendant, which is in the business of providing financial services and investment services, is infringing the Crestwood Trademarks and engaging in unfair competition by operating its business

under the names "Crestwood" and "Crestwood Partners, Inc." in violation of 15 U.S.C. §§ 1114 and 1125. (ECF No. 1 at 2–11.)

3. The Clerk of the Court has entered default in favor of the plaintiff and against the defendant in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 8.)

4. The plaintiff now moves for: (a) the entry of default judgment against the defendant pursuant to Rule 55(b)(2); (b) an award consisting of attorneys' fees and costs in the amount of $13,410.73 that it has expended as the prevailing party in an exceptional trademark infringement action pursuant to 15 U.S.C. § 1117(a); and (c) an award of any costs that it may incur in enforcing the default judgment. (ECF No. 9.) In support of the motion, the plaintiff has submitted proof of the defendant's liability as to the infringement of the Crestwood Trademarks and of the attorneys' fees and costs that it has expended in this action. (ECF No. 9 through ECF No. 9-8.)

5. In addition, the plaintiff has demonstrated that it has: (a) notified the defendant about the entry of default; and (b) served the motion papers upon the defendant. (ECF No. 7-3 at 1; ECF No. 9-8 at 1.)

6. The plaintiff "is not requesting an accounting or compensatory damages" as part of the relief that it seeks against the defendant in the motion. (ECF No. 9-1 at 14.)

7. The defendant has not opposed the motion, even though the time to do so has elapsed. The Court's independent research reveals that the defendant does not have any pending petitions for bankruptcy protection, and thus the defendant could have responded to the motion.

8. The Court decides the motion without oral argument. *See* L. Civ. R. 78.1(b). The Court grants the motion in its entirety, because the Court's review of the supporting papers reveals that the plaintiff has demonstrated entitlement to relief.

9. The Court notes that the defendant has an available avenue to contest the entry of default judgment, if appropriate. *See* Fed. R. Civ. P. 55(c) (stating a court "may set aside a final default judgment under Rule 60(b)"); *see also* Fed. R. Civ. P. 60(b) (setting forth the grounds for relief from a final judgment). For good cause appearing, the Court will issue an appropriate order and judgment.

                                                                                               _____
                                                                                               **JOSE L. LINARES**
                                                                                               Chief Judge, United States District Court

Dated: October 16th, 2017